UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CROWN PROPERTIES INC,

        Plaintiff,

v.

JOYSLEEN PRIMO,

        Defendants.

CASE NO. 3:20-CV-06171-BHS

REPORT AND RECOMMENDATION

Noting Date: January 4, 2021

The District Court has referred Defendants' pending Application to Proceed *In Forma Pauperis* (IFP) and Proposed Complaint to the United States Magistrate Judge David W. Christel.

Having reviewed and screened Defendants' Proposed Complaint under 28 U.S.C. § 1915, the Court finds Defendants have failed to establish federal question jurisdiction and failed to state a claim upon which relief may be granted. Therefore, the Court recommends dismissing Defendants' Proposed Complaint (Dkt. 2), and denying as moot Defendants' Motion to Proceed *In Forma Pauperis* (Dkt. 1).

REPORT AND RECOMMENDATION - 1

## BACKGROUND

On December 1, 2020, Defendants filed a Proposed Complaint seeking to remove from state court an eviction proceeding initiated by their landlord in mid-November, in Pierce County Superior Court, Washington. Dkt. 2. Although the record before this Court is incomplete, exhibits attached to Defendants' Proposed Complaint indicate Defendants' landlord seeks to evict them because they are ruining the septic system of their rental property by continually dumping grease down the drain. Dkt. 2-1.

According to Defendants, service of process in the eviction proceeding violated Defendants' due process rights, and the "CDC, White House and Federal Register Standing Orders regarding Nation Wide Eviction Moratoriums" due to the Covid-19 pandemic. Dkt. 2 at 3. Accompanying Defendants' Proposed Complaint is an application to proceed *In Forma Pauperis* (IFP). Dkt. 1. Defendants ask this Court to vacate their landlord's "Complaint for Unlawful Detainer" and to impose criminal penalties. Defendants' landlord (the Plaintiff) has not made an appearance in this action.

## STANDARDS

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the privilege of pleading IFP in civil actions for damages "should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any case that is "frivolous or malicious," "fails

to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendants checked a box on their initiating paperwork indicting this Court has federal question jurisdiction (pursuant to 28 U.S.C. § 1331) over their state court eviction case. Dkt. 1. However, the only federal question presented is a defense to their landlord's attempt to evict them. To wit, Defendants claim that they are immune from eviction because of federal Covid-19 eviction moratoriums, and that service of process in the state eviction case was defective in violation of their federal due process rights. Dkt. 2.

1  The "presence or absence of federal question jurisdiction is governed by the 'well-
2  pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal
3  question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*
4  *v. Williams*, 482 U.S. 386 (1987). Federal question jurisdiction therefore cannot be based on a
5  defense, counterclaim, crossclaim, or third-party claim raising a federal question. *See Vaden v.*
6  *Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th
7  Cir. 2009).

8  The Center for Disease Control and Prevention issued an order that temporarily halts
9  residential evictions to prevent the further spread of COVID-19 (CDC Order). 85 FR 55292-01.
10 However, the CDC Order only prevents eviction for "nonpayment of rent from the effective date
11 of September 4, 2020 through December 31, 2020." *Id*. According to Defendants' submissions to
12 this Court their landlord does not seek to evict them due to nonpayment of rent. Rather,
13 Defendants' landlord seeks to evict them for causing ongoing property damage to their rental
14 property. Dkt. 2-1. In other words, the CDC Order does not apply to Defendants' eviction.

15 Even if Defendants could establish a violation of the CDC Order, this Court could not
16 grant the relief Defendants request. Federal courts do not interfere with state court proceedings
17 except under very limited circumstances not present here. 28 USC § 2283. Thus, this Court will
18 not interfere with Defendants' landlord's eviction proceedings in Pierce County Superior Court.
19 Likewise, the CDC order indicates that the United States Department of Justice is responsible for
20 initiating criminal sanctions[1] in applicable cases, not private citizens.

21

22
23  [1] The CDC Order states, in relevant part, "The U.S. Department of Justice may initiate court proceedings as appropriate seeking imposition of these criminal penalties. Under 18 U.S.C. 3559, 3571; 42 U.S.C. 271; and 42 CFR 70.18, a person violating this Order may be subject to a fine of no more than $100,000 if the violation does not result in a death or one year in jail, or both, or a fine of no more than $250,000 if the violation results in a death or one
24

1    In conclusion, this Court finds Defendants' Proposed Complaint fails to state a claim

2  upon which this Court might grant relief. Moreover, this Court finds that Defendants' Proposed

3  Complaint is so lacking in both fact and law that Defendants should not be permitted to amend

4  their Proposed Complaint. 28 U.S.C. § 1915(e)(2)(B)(ii).

5                                  **CONCLUSION**

6    For the reasons state above, the Court *sua sponte* recommends dismissing Defendant's

7  Complaint (Dkt. 2), and denying as moot Defendant's Motion to Proceed *In Forma Pauperis*

8  (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

9  shall have fourteen (14) days from service of this Report to file written objections. *See also* FED.

10 R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

11 *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time

12 limit imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for

13 consideration on January 4, 2021, as noted in the caption.

14

15    Dated this 18th day of December, 2020.

16

17                                          David W. Christel
                                            United States Magistrate Judge
18

19

20

21

22 ─────────────────────────

23 year in jail, or both, or as otherwise provided by law. An organization violating this Order may be subject to a fine of no more than $200,000 per event if the violation does not result in a death or $500,000 per event if the violation results in a death or as otherwise provided by law." 85 F.R. 55296.

24

REPORT AND RECOMMENDATION - 5